UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

CHARLES SUMRALL

VERSUS

BP AMERICA, INC., ET AL

JUDGE _____; MAGISTRATE _____

CIVIL DOCKET NUMBER:

**COMPLAINT FOR DAMAGES**

Plaintiff, Charles Sumrall, a resident of the lawful age of majority of the State of Mississippi, respectfully represents:

I. Made Defendants herein are:

   a. BP America, Inc.
   b. BP America Production Company;
   c. BP Corporation North America, Inc. (hereinafter collectively referred to as ("BP");
   d. Transocean Offshore USA, Inc.;
   e. Transocean Offshore Ventures, Inc. (hereinafter collectively referred to as ("Transocean"); and
   f. Dril-Quip, Inc.;
   g. Dril-Quip, Inc. of Texas (hereinafter referred to as ("Dril-Quip"); and
   h. M/V Discoverer Enterprise

II. This claim is brought and arises under 28 USC §1333, the Admiralty and Maritime jurisdiction of this Court, and is designated as such pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff makes claims under 46 U.S.C. §30104, commonly known as the "Jones Act" and the General Maritime Law of the United States of America.

III. Defendants maintain offices and transact business within the geographical boundaries of this Court, are residents of this judicial district as of the time of filing this action, or a substantial part of the acts or omissions giving rise to this claim occurred in this judicial district.

IV. At all material times herein, Transocean Offshore USA, Inc. and/or Transocean Offshore Ventures, Inc. were the owners of a drilling vessel, known as the *Discoverer Enterprise* (hereinafter sometimes referred to as "the vessel") operating in the navigable waterways of Gulf of Mexico.

V. At all material times herein, Plaintiff was employed by Dril-Quip, Inc. and assigned to work aboard the vessel.

VI. At all material times herein, Plaintiff was a seaman and a member of the crew of the vessel.

VII. On or about December 18, 2007, Plaintiff was performing his usual duties aboard the vessel when he sustained injuries as a result of a defect or vice in the condition of the vessel and/or the negligence of defendants and their agents, representatives and employees.

VIII. The accident and injuries to Plaintiff were caused by the acts and/or omissions of Defendants in the following non-exclusive particulars:

    a. Failing to provide a safe place to work;

    b. Failing to provide a seaworthy vessel;

    c. Failing to warn of unsafe and/or unseaworthy conditions;

    d. Failing to provide an adequate and/properly trained crew;

    e. Failing to train and supervise its employees, agents and representatives;

    f. Failing to follow applicable safety guidelines and regulations;

    g. Failure to discover hazardous conditions aboard the vessel;

    h. Failure to warn of known hazardous conditions aboard the vessel;

    i. Failure to intervene to correct unsafe and hazardous conditions aboard the vessel;

    j. Gross, willful and wanton disregard for safety of Plaintiff; and

    k. Other acts and/or omissions which may be shown at trial on this matter;

IX. Plaintiff itemizes his past, present and future damages to include but not be limited to the following:

    a. Medical Expenses;

    b. Loss of earnings and impaired earning capacity;

    c. Physical pain and suffering;

    d. Humiliation;

    e. Shame;

    f. Embarrassment;

    g. Isolation;

    h. Despair;

    i. Loss of Mobility;

  j.  Mental distress, worry and anxiety;

  k.  Emotional trauma and insecurity;

  l.  Permanent disability and inconvenience;

  m.  Scarring and disfigurement;

  n.  Loss of enjoyment of life;

  o.  Punitive and Exemplary Damages;

  p.  Attorney's Fees;

  q.  Legal interest from the date of judicial demand; and

  r.  All costs of court and expenses incurred in the prosecution of this litigation.

X. Since the date of the incident and injuries to Plaintiff, Defendants were provided medical reports indicating that Plaintiff is in need of medical treatment and diagnostic testing; however, Defendants have arbitrarily, capriciously and without any cause refused to provide maintenance and cure to Plaintiff.

XI. As a result of the refusal of Defendants to provide maintenance and cure, Plaintiff sustained damages and is further entitled to punitive damages and attorneys' fees.

XII. As a result of the refusal of Defendants gross, willful and wanton misconduct, Plaintiff sustained damages and is further entitled to punitive damages and attorneys' fees.

XIII. At all times herein, ABC Insurance Company issued a policy of insurance to Defendants that provides coverage for the accident and injuries suffered by Plaintiff.

Plaintiff prays that:

  a.  Defendants be duly summoned and served with a copy of this Complaint For Damages;

  b.  After all legal delays and due proceedings be had, there be judgment rendered herein in favor of Plaintiff and against Defendants, jointly, severally and *in solido*, in the full and true sum of an amount reasonable in the premises, maintenance, cure, punitive damages, attorneys' fees, plus legal interest thereon from the date of incident until paid, all costs of these proceedings and all other equitable and just relief;

  c.  Plaintiff be allowed to prosecute this matter as an American Seaman without prepayment of costs or the providing of security; and

      d.      Plaintiff be given Notice of Judgment, Trial and all steps and action taken in this litigation under Federal Rules of Civil Procedure.

Respectfully submitted:
**Law Offices of D. Patrick Daniel, Jr., LLC**

D. PATRICK DANIEL, JR., T.A. No. 27753
900 South College Road, Suite 202 (70503)
Post Office Drawer 51709
Lafayette, Louisiana 70505-1709
Telephone:    337.232.7516
Telefax:    337.261.9589
Email:    patrick@dpdlawfirm.com
**ATTORNEY FOR PLAINTIFF**

**PLEASE SERVE:**

**BP America, Inc.**
through its registered agent for service of process:
CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana

**BP America Production Company**
through its registered agent for service of process:
CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana

**BP Corporation North America, Inc.**
through its registered agent for service of process:
The Prentice-Hall Corporation System, Inc., 320 Somerulos Street, Baton Rouge, Louisiana

**Transocean Offshore USA, Inc.**
through its registered agent for service of process:
CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana

**Transocean Offshore Ventures, Inc.**
through its registered agent for service of process:
CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana

**Dril-Quip, Inc.**
through its registered agent for service of process:
Jerry M. Brooks, 701 Poydras Street, Suite 375, New Orleans, Louisiana; and

**Dril-Quip, Inc. of Texas**
through its registered agent for service of process:
Tom Graham, One Shell Square, 701 Poydras Street, Suite 375, New Orleans, Louisiana